IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHESTER DUANE MILLER, | § | |
| Petitioner, | § § § | |
| v. | § § | 2:14-CV-0103 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS

Petitioner CHESTER DUANE MILLER, a state prisoner currently confined in the Bill Clements Unit in Potter County, Texas, filed with this Court a Writ of Mandamus on April 28, 2014. According to the Texas Department of Criminal Justice website, petitioner was convicted of the offense of murder in 1986 and was sentenced to sixty (60) years confinement on June 4, 1986.

Petitioner does not challenge his 1986 conviction and sentence but rather challenges the execution of his sentence. Specifically, petitioner asserts TDCJ-CID did or is denying him "back-dated" educational good-time credits for the completion of a vocational program.[1]

### I.
### PROCEDURAL BACKGROUND

On August 3, 2015, the Court designated petitioner's writ of mandamus as a habeas corpus

---

[1] TDCJ-CID previously had a policy of backdating educational good-time credits to a petitioner's sentence begin date. The practice was discontinued April 1, 1995. *Walters v. Dretke*, 2005 WL 2277531 at *5 (S.D. Tex. Sept. 15, 2005).

proceeding under 28 U.S.C. §2241 because petitioner was not challenging his state court conviction but instead appeared to assert his sentence had been improperly calculated. Thereafter, on February 1, 2016 petitioner's case was administratively closed to give petitioner an opportunity to exhaust his state court remedies.

Petitioner then filed a Motion to Proceed in this case advising he filed a state habeas application and on June 8, 2016, the Texas Court of Criminal Appeals (TCCA) entered an Order denying petitioner's claim as not cognizable on habeas corpus. The TCCA noted, however, "The habeas court, after receiving an affidavit from TDCJ detailing the status of Applicant's time credits, recommends that this Court grant Applicant the time to which he is entitled. According to TDCJ, Applicant's time was adjusted in March 2016 to reflect that he completed an on the job training program in December 2000." [Dkt. 19 at 3]. On June 13, 2016 petitioner was ordered to file a pleading in this federal case detailing why his federal habeas petition should not be denied as moot since he appears to have received the relief requested. Petitioner responded arguing the correction to his time calculation in March 2016 had nothing to do with his attempt to seek credit for vocational good time earned in 1987. Petitioner's federal case was then re-opened and on June 23, 2016, an Order to Show Cause issued.

On September 26, 2016, respondent, construing petitioner's habeas application pursuant to 28 U.S.C. §2254, filed a Motion to Dismiss petitioner's application as time-barred under 28 U.S.C. §2244(d). On October 27, 2016 petitioner filed objections to respondent's motion to dismiss arguing that the limitations period of 28 U.S.C. §2244(d) did not apply because he was proceeding pursuant to 28 U.S.C. §2241 and was not proceeding pursuant to 28 U.S.C. §2254. This distinction is critical to petitioner's case because the statute of limitations in 28 U.S.C. §2244(d) applies only to habeas petitions filed under 28 U.S.C. §2254 but does not apply to petitions under 28 U.S.C. §2241.

*Rogers v. Robinson*, 2015 WL 4168696, at *4 (E.D. La. July 2, 2015)([T]he AEDPA's one-year statute of limitations period has not been extended to Section 2241 petitions); *Johnson v. Cain*, 2015 WL 10438640, at *4 (E.D. La. June 4, 2015)(...petitioners relying on § 2241 are not subject to the one-year limitations period set forth in other provisions of the AEDPA); *Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009)(Unlike habeas petitions governed by AEDPA, habeas petitions under §2241 have no statute of limitations and are reviewed de novo by federal courts).

Both parties were ordered to brief the issue. Petitioner filed his response on December 6, 2016, respondent filed her supplemental answer January 11, 2017, and petitioner filed a reply to that response as well as three supplemental briefs.

II.
PETITIONER'S ARGUMENT

Petitioner filed, as Exhibit A to his habeas petition, a document entitled, "Certificate of Achievement Windham School System" showing the completion of a course as a Data Entry Operator. [Dkt. 3 at 6]. Petitioner references a date on that document as January or February of 1987, but the Court is not able to read the date. Petitioner also attached, as Exhibit C, a letter dated June 26, 2013 from the State Counsel for Offenders' office which states:

> On 12/30/1986 you were awarded "A" credit for on the job training (OJT) as a keypunch operator. You completed another OJT program on 07/29/2009 for machine operator. You completed another OJT program on 10/17/2000 for janitor.
>
> You are eligible to receive one "A" award & that went into effect on 12/30/1986. You can take as many courses as the unit will allow, but you cannot receive more than one award for these.
>
> On 02/22/2012 you obtained your GED, which enabled you to begin earning "C"

credits from the date forward.[2] [Dkt. 3 at 8].

Petitioner states he was released to mandatory supervision or parole in 2007 but his release was revoked and he was returned to prison in 2008. Petitioner claims he has been denied educational good-time credits of five (5) days a month for the vocational trade completed in 1987 prior to his 2007 release. According to petitioner, as of 2014 that uncredited good-time amounted to 4.5 years. Petitioner believes, as of 2014, TDCJ has made a mistake in not awarding him this educational good-time dating back 27 years. Petitioner claims this educational good-time could not have been forfeited upon his release because although he had earned it, TDCJ never credited him with the educational good-time credits. Petitioner has argued his claim falls squarely within 28 U.S.C. §2241 making the statute of limitations in 28 U.S.C. §2244(d) inapplicable.

The Court construes petitioner's contention to be that he was entitled to five (5) days good-time credits per month since 1987 and that these credits have never been awarded to him. He further appears to contend that while revocation of mandatory release ordinarily results in forfeiture of previously earned good-time credits, the revocation of mandatory release in 2007-2008 did not result in the forfeiture of these particular educational good-time credits because TDCJ had never awarded them to him. It is not necessary and the Court does not reach the issue of whether petitioner's contention in this regard is correct or not. The Court will assume, for purposes of analyzing respondent's motion to dismiss, that petitioner is being denied the educational good-time credits about which he complains.

---

[2]Petitioner does not allege he is being denied good-time credits for obtaining this GED in 2012.

III.
HABEAS RELIEF UNDER 28 U.S.C. §2241 OR 28 U.S.C. §2254

In analyzing and deciding federal habeas corpus petitions in the past, the undersigned has held, "A habeas corpus application brought under 28 U.S.C. §2241 is the proper habeas remedy if a prisoner challenges the execution of his sentence rather than the validity of his [underlying] conviction and sentence... In contrast, 28 U.S.C. §2254 specifically confers jurisdiction on the federal courts to consider collateral attacks on state court judgments." *Whirty v. Stephens*, 2015 WL 12582734, at *1 (N.D. Tex. Oct. 2, 2015), report and recommendation adopted sub nom. *Whirty v. Davis*, 2016 WL 5231813 (N.D. Tex. Sept. 21, 2016)(internal citations omitted). After reviewing respondent's supplemental answer and after conducting independent research, the Court is persuaded the distinction between habeas corpus statutes applicable to prisoners serving state court sentences, *i.e.* 28 U.S.C. §2241 versus 28 U.S.C. §2254, requires re-examination.

*A. Rules of Statutory Construction*

Two statutes, 28 U.S.C. §2241 and 28 U.S.C. §2254, confer jurisdiction and authority on federal district courts to issue a writ of habeas corpus.[3] 28 U.S.C. §2241 confers jurisdiction generally when either a federal or a state court prisoner establishes he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(a), (c)(3). 28 U.S.C. §2254(a) applies more specifically to state court prisoners who are "in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Both of these statutes, based on a plain text reading, apply to the current case.

---

[3] Additionally, jurisdiction exists under 28 U.S.C. §2255 for federal district courts to issue a writ of habeas corpus when federal prisoners challenge the validity of their federal court convictions. As MILLER is a state court prisoner, this statute has no bearing on his habeas claims, but is discussed as it pertains to jurisdictional issues that arise in prisoner habeas cases.

Well-established principles of statutory construction provide that when two statutes cover the same situation, the more specific statute should prevail and its constructs should apply over the more general statute. *See Edmond v. United States*, 520 U.S. 651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997). For example, the Supreme Court has reasoned that a prisoner who challenges the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus statute and not the broad language contained in 42 U.S.C. §1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-89, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

A critical distinction exists between federal prisoners and state court prisoners as to jurisdiction when considering habeas claims brought in federal district courts. 28 U.S.C. §2241 is a general grant of jurisdiction to issue a writ of habeas corpus in cases involving both federal and state court prisoners. 28 U.S.C. §2255 applies only to individuals in custody pursuant to a federal conviction and sentence, and provides an avenue to collaterally attack their federal sentence. 28 U.S.C. §2254 applies to state court prisoners in custody pursuant to the judgment of a state court. The issue presented in this case is whether it is appropriate to apply 28 U.S.C. §2241 to petitioner MILLER, a state court prisoner or whether the more restrictive requirements of 28 U.S.C. §2254 should apply.

When a district court is analyzing a habeas claim of a *federal* prisoner, the type of habeas claim determines which statute to apply. If a federal prisoner challenges the fact or duration of his confinement but does not challenge his original conviction or sentence, then 28 U.S.C. §2241, the general habeas corpus statute, applies.[4] *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)

---

[4] If a prisoner is challenging the conditions of confinement but does not seek release, 42 U.S.C. §1983 is the appropriate avenue for such a challenge.

(comparing §2241 with §2255). When a federal prisoner challenges his original conviction or sentence, Congress specifically enacted 28 U.S.C. §2255 to address collateral attacks on a conviction. *See United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

In contrast, when a district court is analyzing a habeas claim of a *state* court prisoner, it is the *nature of the state court prisoner's confinement*, not the type of challenge, that determines which statute to apply, §2241 or §2254. "Authority to grant habeas relief to state prisoners is limited by §2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin*, 518 U.S. 651, 662 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). So while §2241 does grant authority to district courts to consider state court prisoner's habeas claims, that authority is subject to the restrictions and limitations found in the more specific statutory provisions of §2254 in cases <u>where the person is in custody pursuant to a State court judgment</u>. *Id.* at 662. In cases where a state court prisoner is in custody on some other basis, such as pre-trial confinement, custody awaiting extradition, or other forms of custody where no state court conviction and judgment has issued or provides the basis of the state prisoner's confinement, then §2241 would arguably apply to those state court prisoners.

Thus, according to statutory construction principles, §2241 authority is limited by §2255 for federal prisoners who challenge their actual conviction or sentence,[5] and §2241 authority is limited by §2254 authority for state prisoners who are in custody pursuant to a state court conviction and judgment. Since MILLER is in custody pursuant to a state court conviction and judgment, §2254 applies to him. In reaching this finding the Court again notes §2254 applies to all state prisoners who are in custody pursuant to a state court judgment and who allege they are in custody in

---

[5] Where relief is available under §2255, a federal prisoner may not proceed under §2241. *See* 28 U.S.C. §2255(e).

violation of the Constitution or laws or treaties of the United States and that §2254 is not limited to only those prisoners who specifically attack the state court conviction and sentence they are serving.

### B. Legislative History

Congress specifically distinguished the procedures to be employed by state court prisoners versus federal prisoners in habeas filings when they amended §2254 in 1966. In a Senate report on the bill revising the statute, the bill was described as revising "the procedure applicable to review" habeas corpus filings by prisoners convicted and in custody pursuant to state court judgments. *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (citing S. Rep. 89-1797, at 3663 (1966), reprinted in 1966 U.S.C.C.A.N. 3663, 3663).

Congress passed the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") in 1996. Pub.L. No. 104-132, Title I, §104, 110 Stat. 1218. This act imposed additional requirements on state prisoners seeking habeas relief who were in custody pursuant to state court judgments. *See White, supra*, 370 F.3d at 1006 (citing Eric Johnson, *An Analysis of the Antiterrorism and Effective Death Penalty Act in Relation to State Administrative Orders: the State Court Judgment as the Genesis of Custody*, 29 New Eng. J. On Crim. & Civ. Confinement 153, 168 (2003) (stating that "in contrast to section 2255, section 2254 does not create an alternative to the habeas corpus remedy provided in section 2241; rather, it imposes limitations on this remedy."). Additionally, AEDPA granted great deference to state determinations on factual issues; thus, anytime there is a state court judgment to defer to, this deferential standard should apply. *See Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000).

### C. §2254 Limitations Follows Congressional Intent and Statutory Construction.

Circuit courts are split over whether §2241 is available to convicted state prisoners, or

whether §2254 is the *exclusive* remedy for their challenges to a conviction or sentence. *Compare Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2nd Cir. 2003) with *Rittenberry v. Morgan*, 486 F.3d 331, 336 (6th Cir. 2006). The Fifth Circuit has not clearly stated that §2254 is the *exclusive* remedy for state court prisoners in custody pursuant to state court convictions and judgments. The Fifth Circuit does seem however, to side with the majority of Circuit courts in determining that the requirements of §2254 must apply to these challenges if the state court prisoner challenges "anything affecting that custody." *See Hartfield v. Osborne*, 808 F.3d 1066, 1072-73 (5th Cir. 2015) (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) and *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001)).

The Supreme Court has compared the jurisdictional grant of authority in §2254 and §2241. *See Felker v. Turpin*, 518 U.S. 651, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996). The Court in *Felker* reasoned that a court's "authority to grant habeas relief to state prisoners is limited by §2254, which specifies the *conditions* under which such relief may be granted to 'a person in custody pursuant to the judgment of a state court.'" *Id.* at 662 (emphasis added) (internal citations omitted).

Put another way, §2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody" because it is "clear that bringing an action under §2241 will not permit the prisoner to evade the requirements of §2254." *Thomley v. Stephens*, 2016 WL 1644378, at *2 (S.D. Tex. Apr. 21, 2016) (quoting *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000). The statutory requirements of §2254 apply any time a state court prisoner files a habeas case in a federal district court. To hold otherwise would create an avenue allowing state prisoners to evade the requirements of §2254, including limitations, a result this Court does not believe was contemplated by Congress when drafting the

statute and a result which certainly does not comport with the canons of statutory construction. *See Salinas v. Texas Parole Bd.*, 2011 WL 318296, at *3 (W.D. Tex. Jan. 31, 2011) (Applying this canon, the limitations created by 28 U.S.C. § 2254 and the one year statute of limitations applicable to that section are not circumvented by resorting to the more general 28 U.S.C. § 2241).

## IV.
## RESPONDENT'S MOTION TO DISMISS AS TIME BARRED

The Court finds 28 U.S.C. §2254 applies to this case along with the limitations bar in 28 U.S.C. §2244(d). Respondent's September 26, 2016 response to petitioner's federal habeas application argues the habeas application should be dismissed as time barred. In that response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of statutory and equitable tolling of the limitation period. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. On October 27, 2016, petitioner filed a reply to respondent's response opposing the dismissal of his case as time barred. Petitioner primarily re-urges his previously presented arguments. Petitioner argues the time dispute resolution process was not in existence before 1999 and he had no way to address the issue of a 1987 mistake to his time calculation before then. Respondent argues petitioner could have discovered, through due diligence, the 1987 error upon completion of the program and adds that petitioner MILLER actually discovered the alleged error in 2005 when he filed a time dispute resolution on March 9, 2005. [Dkt. 8]. Respondent argues the petition is time barred using the 1987 date to calculate the limitations period but states that even using the 2005 date still results in a limitations bar.[6]

---

[6] As respondent explains, any benefit afforded by tolling does not change the result. [Dkt. 27 at 9].

The undersigned makes the following findings:

1. Petitioner initially filed his federal habeas application on **April 24, 2014.**

2. Petitioner's application was found to be unexhausted and on **February 1, 2016,** the case was administratively closed to allow petitioner the opportunity to seek state review of his claims.

3. Petitioner filed his state habeas application on **January 18, 2016** but it was returned to him to file with the state trial court which he did on February 25, 2016. The writ was then filed with the TCCA on April 25, 2016. It was denied with written order on **June 8, 2016.** Petitioner's state habeas application was filed <u>after</u> the expiration of the limitation period and did not statutorily toll the federal statute of limitations.

4. Petitioner's federal habeas corpus case was re-opened on **June 22, 2016.**

5. Petitioner's first time dispute resolution form (TDR) challenging the failure to properly adjust his time earning classification to reflect his completion of vocational training programs *i.e.* On the Job Training Certificate dated December 18, 2000, Windham Certificate dated August 6, 1986, and Vocational Certificate dated January 11, 1988, was filed **March 9, 2005** and denied on **October 10, 2005.**

6. Petitioner has not shown he was actively misled by the State, or that he diligently pursued federal habeas corpus relief. Petitioner has not demonstrated he is entitled to equitable tolling of the federal limitation period.

7. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

8. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

9. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

10. Petitioner's federal habeas petition had to have been filed on or before **October 10, 2006** in order to be timely.

11. Petitioner's federal habeas corpus application, treated as filed on **April 24, 2014** when it was placed in the prison mailing system, was filed after the expiration

of the statute of limitations and is time barred.

Therefore, for the reasons set forth by respondent and based on the above findings of the court, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED as time-barred.

## V.
## RECOMMENDATION

For the reasons set forth herein and by respondent it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CHESTER DUANE MILLER be DISMISSED as time-barred.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _15th_ day of June 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).